U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 3 2014
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALLEN "F" CALTON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:14-CV-139-A |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Allen "F" Calton, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. This habeas action was transferred to this Division from the Tyler Division of the Northern District of Texas. No service has issued upon respondent. After having considered the pleadings, the court records filed in petitioner's previous federal habeas actions, and the relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive and that sanctions should be imposed.

## I. Factual and Procedural History

The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Calton v. Quarterman*, Civil Action No. 4:07-CV-471-Y, 2008 WL 5083022 (N.D.Tex. Dec. 1, 2008). Petitioner is serving a life sentence on his 2004 conviction for attempted murder in the 213th District Court of Tarrant County, Texas. This is petitioner's sixth federal petition under 28 U.S.C. § 2254 filed in this court challenging the same state conviction. *Id.* (denied on the merits); *Calton v. Thaler*, Civil Action No. 4:10-CV-179-Y (dismissed as successive and authorization to file successive petition denied by Fifth Circuit); *Calton v. Thaler*, Civil Action No. 4:13-CV-378-A (voluntarily dismissed by petitioner); *Calton v. Stephens*, No. 4:13-CV-592-A (dismissed as successive and COA denied); *Calton v. Stephens*, No. 4:13-CV-885-A (dismissed as successive and pending on appeal). The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize

2

a habeas corpus petition to be summarily dismissed.[1] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

Petitioner raises the following claim in the instant petition:

> Official court reporter thwarting of appeal due to direct appeal was decided on an incomplete record and said records were necessary for the fair and meaningful resolution of appeal in violation of both clauses of the 14th Amendment.

(Pet. at 6)

Petitioner has raised the same claim in one or more of his prior habeas petitions and is well aware of the successive-petition bar and the requirement that he obtain authorization to file such a petition from the Fifth Circuit Court of Appeals. The Fifth Circuit has previously denied authorization on at least one occasion, and petitioner has not demonstrated that the Fifth Circuit has authorized him to file the instant petition. This court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

### III. Sanctions

In the undersigned's Order of Dismissal issued in petitioner's in No. 4:13-CV-885-A, petitioner was warned as follows:

> Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments,

4

procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id*. Sanctions may be appropriate when a *pro se* litigant has a history of submitting repetitious or frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future pro se actions without leave of court and monetary sanctions.

This is petitioner's fifth § 2254 habeas petition filed in this court challenging the same 2004 state conviction and third petition raising the instant claim. Petitioner is well aware that he must obtain authorization from the Fifth Circuit Court of Appeals to file a successive petition as previously instructed by this court. The time has come to end these repetitive and frivolous filings. Accordingly, petitioner is warned that sanctions will be imposed if he files another writ seeking habeas relief involving his 2004 conviction without authorization to do so by the Fifth Circuit Court of Appeals. In addition to monetary penalties, such sanctions may include an order barring petitioner from filing any civil actions in this court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

Petitioner persists in filing repetitive and frivolous habeas petitions and has failed to heed the court's warning. Accordingly, the court concludes that a monetary sanction is appropriate.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

dismissed as an abuse of the writ and that a monetary sanction in the amount of $100.00 be, and is hereby, imposed due to petitioner's repetitious and frivolous federal filings challenging his 2004 conviction. The court further ORDERS that any pending motions, including petitioner's application to proceed in forma pauperis, be, and are hereby, denied. Petitioner is prohibited from filing any pro se civil actions in this court until the monetary sanction is paid in full. A certificate of appealability is denied.

SIGNED March 3, 2014.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

6